Michael Paneth (MP-0424)
Michail Z. Hack (MH-6127)
Quadrino Schwartz
666 Old Country Road - Ninth Floor
Garden City, New York 11530

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH M. THURNAU,

    Plaintiff,

- against -

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.

---

**COMPLAINT**

07-CV-03618

**JURY TRIAL DEMANDED**

Plaintiff, ELIZABETH M. THURNAU, by and through her attorneys, QUADRINO & SCHWARTZ, P.C., as and for her Complaint against Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA hereby sets forth the following:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff, ELIZABETH M. THURNAU ("Plaintiff"), was and remains a resident of the County of Saratoga, State of New York.

2. Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("Defendant" or "LINA") offers group long term disability policies to employers such as Plaintiff's employer, The Lockheed Group, Inc. ("Lockheed").

3. Upon information and belief, at all times hereinafter mentioned, Defendant LINA is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq.*] and the regulations promulgated thereunder.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) since Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

## FACTS

6. On or about January 1, 1997, Defendant LINA issued Group Long Term Disability policy number LK 008348 to Lockheed (the "Policy").

7. The Policy was issued for the benefit of certain eligible Lockheed employees in exchange for the payment of premiums by Lockheed.

8. At all times hereinafter mentioned, Plaintiff was an employee of Lockheed and eligible for disability benefits under the Policy issued by Defendant.

9. The Policy provides, *inter alia*, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to an injury or sickness.

10. On April 27, 2003, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the

meaning and pursuant to the definition of Disability set forth in the Policy, since she was "unable to perform each and every material duty of his or her regular occupation" and "unable to perform each and every material duty of any occupation for which he or she may reasonably become qualified based on education, training or experience."

11. As of this date, Plaintiff continues to be disabled pursuant to the Policy's terms, as previously set forth.

12. Plaintiff timely filed a claim, and thereafter cooperated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

13. Defendant initially paid Plaintiff's claim for a period of time from October 27, 2003 through October 11, 2005.

14. On or about May 27, 2005, Defendant demanded that Plaintiff pay to Defendant $28,838.21 which Defendant incorrectly believed it was entitled to for Social Security Disability Income benefit set-offs purportedly set forth in the Policy.

15. On or about May 27, 2005, Defendant began reducing Plaintiff's monthly benefit by $1,617.10 to reflect her monthly Social Security Disability benefits.

16. Thereafter, Plaintiff paid $18,551.00, a portion of said sum, to Defendant in reliance on Defendant's incorrect representation that such a set-off was proper pursuant to the terms of her Policy.

17. Subsequently, on or about October 11, 2005, Defendant advised Plaintiff that they were discontinuing her monthly payments, because she was no longer eligible for long term disability benefits under the Policy.

18. By correspondence dated March 8, 2006, Plaintiff exhausted her administrative remedies by timely submitting her appeal of Defendant's initial adverse benefit determination.

19. By correspondence dated April 11, 2006, Defendant wrongfully upheld its initial adverse benefit determination of October 11, 2005.

20. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced their adverse benefit determinations.

21. By letter dated February 1, 2007, Plaintiff, through her attorneys, requested clarification of Defendant's determination upon review; demanded a refund of the $18,551.00 purported set-off which was wrongfully taken from Plaintiff; demanded the claims file which had previously been requested by Plaintiff but not provided by Defendant; and demanded that Defendant pay Plaintiff disability benefits for the time period from April 27, 2003 through October 26, 2003, for which Defendant admits Plaintiff was disabled, but failed to make the requisite payments.

22. On or about February 21, 2007, Plaintiff received a copy of the requested claim file, but no response or decision regarding the remaining issues raised in her February 1, 2007 letter.

23. Thereafter, Plaintiff's counsel attempted to contact Defendant by telephone on two occasions, on April 13, 2007, and April 19, 2007, and left voicemail messages on both occasions.

24. After Defendant failed to respond to either of these telephone calls, by letter dated April 19, 2007, Plaintiff's counsel notified Defendant, once again, that Plaintiff still has not received a response regarding the issues raised in Plaintiff's February 1, 2007 letter.

25. As of the filing of this Complaint, Defendant has yet to respond.

26. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

## COUNT ONE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

27.  Plaintiff incorporates by reference paragraphs 1 - 26 as if fully set forth herein.

28.  Pursuant to the terms of the Policy, so long as Plaintiff remained disabled, Defendant was obligated make monthly benefit payments to Plaintiff until she reached the age of 65.

29.  Despite Plaintiff's total disability, Defendant has and continues to refuse to pay Plaintiff's benefits, pursuant to the Policy, although payment thereof has been duly demanded.

30.  Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

31.  Monthly benefits to Plaintiff continue to be due and payable by Defendant with the passage of each month.

## COUNT TWO

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

32.  Plaintiff incorporates by reference paragraphs 1 - 31 as if fully set forth herein.

33.  Pursuant to the terms of the Policy, Defendants must pay Plaintiff disability benefits from April 27, 2003, the date of her disability, through October 26, 2003, the date when Defendant actually began to make payments under the Policy.

34. Defendant has and continues to refuse to make said payments to Plaintiff pursuant to the Policy, although payment thereof has been duly demanded.

35. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

## COUNT THREE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

36. Plaintiff incorporates by reference paragraphs 1 - 35 as if fully set forth herein.

37. Pursuant to the terms of the Policy, Defendant is not entitled to a set-off for Social Security Disability Income which Plaintiff receives.

38. Plaintiff paid to Defendant, however, an amount which is not presently subject to calculation, but in excess of $18,551.00, in response to Defendant's demand for same, and in reliance on Defendant's incorrect assertions that it was entitled to same.

39. Defendant has and continues to refuse to refund said payment to Plaintiff pursuant to the Policy, although payment thereof has been duly demanded.

40. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff, ELIZABETH M. THURNAU, prays that she may have an order and/or judgment pursuant to ERISA §502(a)(1)(B) declaring as follows:

a. Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant, LINA;

b. Defendant LINA must pay all benefits in arrears due and owing since the termination of benefits, plus interest at New York State's statutory prejudgment interest rate;

c. Defendant LINA must refund to Plaintiff the $18,551.00 recouped from Plaintiff, and pay to Defendant all monies deducted from her monthly benefit payments as a result of the purported set-off, plus interest;

d. Defendant LINA must pay Plaintiff disability benefits, plus interest, for the time period from April 27, 2003 through October 26, 2003, for which Defendant admits Plaintiff was disabled, but failed to make the requisite payments;

e. Defendant LINA's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the terms of and the applicable benefit period contained in the Policy;

f. Defendant LINA must reimburse Plaintiff for her costs, including but not limited to legal fees; and

g. Such other, further and different legal and equitable relief as the Court deems just and proper.

Dated: Garden City, New York
      May 4, 2007

By: _____
Michael Paneth (MP-0424)
Michail Z. Hack (MH-6127)
Quadrino Schwartz
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

Attorneys for Plaintiff