UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ELIZABETH THURNAU,                                :

                Plaintiff,        :        07 Civ. 3618 (SHS)

         - against -                          :
                                                        **ANSWER**
LIFE INSURANCE COMPANY OF NORTH AMERICA, :

                Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendant Life Insurance Company of North America ("Defendant"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its Answer to plaintiff's Complaint ("Complaint"), respond as follows:

## THE PARTIES

      1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

      2.    Defendant admits the allegations contained in paragraph "2" of the Complaint insofar as it offers group long term disability policies to employers such as Plaintiff's employer, Lockheed Martin Corporation.

      3.    Defendant admits that LINA is a stock insurance company based in Pennsylvania.

## JURISDICTION AND VENUE

      4.    Defendant admits the allegations contained in paragraph "4" of the Complaint.

      5.    Defendant admits the allegations contained in paragraph "5" of the Complaint.

## **FACTS**

6. Defendant admits the allegations contained in paragraph "6" of the Complaint, except that the Policy was issued to Lockheed Martin Corporation.

7. Defendant admits the allegations contained in paragraph "7" of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

9. Defendant neither admits nor denies the allegations contained in paragraph "9" of the Complaint but refers to the Policy document referenced therein, which speaks for itself.

10. Defendant admits that Plaintiff stopped working on April 27, 2003 while the Policy was in full force and effect and while Plaintiff was an eligible employee. Defendant denies the remaining allegations contained in paragraph "10" of the Complaint.

11. Defendant denies the allegations contained in paragraph "11" of the Complaint.

12. Defendant admits the allegations contained in paragraph "12" of the Complaint.

13. Defendant admits the allegations contained in paragraph "13" of the Complaint.

14. Defendant admits that it demanded repayment by Plaintiff for Social Security Disability Income benefit set-offs. Defendant denies the remaining allegations contained in paragraph "14" of the Complaint.

15. Defendant admits that on or about May 27, 2005, it began reducing Plaintiff's monthly benefit to reflect her monthly Social Security benefits, and that as a result of the offset, Plaintiff's monthly benefit was reduced to $1617.10 per month.

16. Defendant denies that that it made incorrect representations to Plaintiff regarding set-offs pursuant to the terms of the Policy. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

17. Defendant admits the allegations contained in paragraph "17" of the Complaint.

18. Defendant admits the allegations contained in paragraph "18" of the Complaint.

19. Defendant admits that it upheld its initial adverse benefit determination by letter to plaintiff dated April 11, 2006. Defendant denies the remaining allegations contained in paragraph "19" of the Complaint.

20. Defendant denies the allegations contained in paragraph "20" of the Complaint.

21. Defendant admits the allegations contained in paragraph "21" of the Complaint.

22. Defendant admits that it sent a copy of the requested file to Plaintiff on or about January 31, 2007. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "22" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

24. Defendant admits that Plaintiff's counsel submitted a letter dated April 19, 2007 regarding the issues raised in Plaintiff's February 1, 2007 letter. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "24" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

1585478.1

25. Defendant denies the allegations contained in paragraph "25" of the Complaint.

26. Defendant admits the allegations contained in paragraph "26" of the Complaint.

## COUNT ONE

### (Breach of Contract 29 U.S.C. 1132(A)(1)(B))

27. Defendant incorporates by reference paragraphs "1" through "26" as if fully set forth herein.

28. Defendant admits the allegations contained in paragraph "28" of the Complaint.

29. Defendant denies the allegations contained in paragraph "29" of the Complaint.

30. Defendant denies the allegations contained in paragraph "30" of the Complaint.

31. Defendant denies the allegations contained in paragraph "31" of the Complaint.

## COUNT TWO

### (Breach of Contract 29 U.S.C. 1132(A)(1)(B))

32. Defendant incorporates by reference paragraphs "1" through "31" as if fully set for the herein.

33. Defendant denies the allegations contained in paragraph "33" of the Complaint.

34. Defendant admits that Plaintiff has demanded payment and that no payment has been made. Defendant denies the remaining allegations contained in paragraph "34" of the Complaint.

35. Defendant denies the allegations contained in paragraph "35" of the Complaint.

1585478.1

## COUNT THREE

### (Breach of Contracts 29 U.S.C. 1132(A)(1)(B))

36. Defendant incorporates by reference paragraphs "1" through "35" as if fully set forth herein.

37. Defendant denies the allegations contained in paragraph "37" of the Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint that Plaintiff paid to Defendant $18,551 in response to Defendant's demand for the repayment of overpayment to Plaintiff. Defendant denies the remaining allegations contained in paragraph "38" of the Complaint.

39. Defendant admits that Plaintiff has demanded payment and that no payment has been made. Defendant denies the remaining allegations contained in paragraph "39" of the Complaint.

40. Defendant denies the allegations contained in paragraph "40" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in good faith and fulfilled their duties and responsibilities to the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The cause of action set forth in the Complaint is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

### FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policies issued by Defendant to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

If the Court should determine the Plaintiff is entitled to disability benefits, which the Defendant denies, then pursuant to the insurance contract the Defendant is entitled to offsets for other income received by the Plaintiff, including but not limited to Social Security Disability benefits, Workers Compensation, and any benefits received from any other group disability plan.

WHEREFORE, defendant Life Insurance Company of North America demands judgment against Plaintiff dismissing the Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
         June 18, 2007

>                              Respectfully submitted,
>
>                              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
>
>                              By: s/ Emily A. Hayes
>                                  Fred N. Knopf (FNK 4625)
>                                  Emily A. Hayes (EH 5243)
>                                  *Attorneys for the Defendant*
>                                  3 Gannett Drive
>                                  White Plains, New York 10604
>                                  (914) 323-7000

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 18, 2007, the foregoing Answer to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

       _s/ Emily A. Hayes_____
Emily A. Hayes (EH 5243)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000
Facsimile (914) 323-7001
emily.hayes@wilsonelser.com